IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| UNITED STATES OF AMERICA | CR. NO. 1:CR-01-237 |
|---|---|
| V. | (JUDGE KANE) |
| KEITH SHEARER | |

### GOVERNMENT SENTENCING MEMORANDUM REGARDING LOSS

AND NOW, the United States of America, by its undersigned counsel, submits the following Sentencing Memorandum Regarding Loss in the above-captioned case:

### STATEMENT OF FACTS AND OF THE CASE

The defendant, Keith Shearer, is a York County farmer who comes before the court for sentencing following guilty pleas to charges of making false statements in connection with U.S. Department of Agriculture loans, in violation of Title 18, United States Code, section 1001, and negligent discharge of pollutants into navigable waters of the United States, in violation of Title 33, United States Code, Section 1311. With respect to the felony false statements charge the critical facts can be simply stated:

By 2001 Shearer owed the Department of Agriculture approximately $350,000 as a result of a series of farm loans underwritten by that agency. These loans were embodied in loan documents which claimed far-reaching security interests on behalf of this agency as security for its loans to Shearer. These security

interests, which were in some instances subordinate to the loans of other institutions, encompassed virtually all of Shearer's real and personal assets, and specifically included his farm and other real estate, farm equipment and vehicles, cattle and crops. At the time these loans were made to Shearer the Department of Agriculture deemed this collateral to be sufficient to secure it against loss in the event of a loan default.

In 2001 Shearer made false statements to the Department of Agriculture in connection with these loans. Shearer pleaded guilty to this offense on April 27, 2004, and subsequently began a concerted effort to use his pledged assets to re-pay these Department of Agriculture loans. As part of this effort, Shearer sold some real estate which he owned, and applied the proceeds of these sales directly to loan repayment. In addition, Shearer was able to raise funds to repay these loans by reassigning collateral previously pledged by him to the Department of Agriculture to other lenders, and using the funds raised through these transactions to reduce his debt. As a result of these transactions, which were conducted with the knowledge and consent of the Department of Agriculture, Shearer has repaid his principal debt in full. Thus, through the sale and reassignment of this collateral Shearer has entirely eliminated this principal debt owed to this government agency.

Given this action by Shearer, for the reasons set forth below,

the United States submits that this Court should find, at present, that the "loss" for purposes of the Sentencing Guidelines in this case is zero.

## DISCUSSION

For the past 12 years the principles which govern loss calculations under the Sentencing Guidelines in cases like this which involve collateralized loans have been well-settled. Those principles were first articulated in this Circuit in **United States v. Kopp**, 951 F.2d 521 (3d Cir. 1991). In **Kopp**, the United States Court of Appeals for the Third Circuit held that, when considering a loan fraud committed by a defendant who has pledged assets to secure the victim from financial loss: "the fraud guideline defines 'loss' primarily as the amount of money the victim has actually ended up losing at the time of sentencing, not what it could have lost." **Id**. at 531. This principle, which looks to the net loss to the victim at sentencing in a collateralized loan fraud case, is now expressly embodied in Application Note 3(E)(ii), of Section 2B1.1 of the Sentencing Guidelines, which plainly states that: "In a case involving collateral pledged or otherwise provided by the defendant, the amount that the victim has recovered at the time of sentencing from the disposition of the collateral" shall be used to reduce the loss for sentencing purposes.

Applying these settled principles to the instant case, the

United States submits that the Court should find that there is, at present, no loss here. It is undisputed that Shearer's loans from the U.S. Department of Agriculture were secured by collateral which included Shearer's real and personal assets, equipment, vehicles, cattle and crops. It is also clear now that, by selling, reassigning and disposing of that collateral Shearer has raised sufficient funds to pay off these loans in full prior to sentencing. Thus, Shearer has reduced the principal loan loss in this case to zero through his disposition of collateral, and under settled case law Shearer is entitled to receive credit against the loss in this case for his actions, which have cured any potential financial harm to the government.

## CONCLUSION

For the forgoing reasons the United States submits that the Court should conclude, consistent with the proof and the law, that there is presently no loss in this case. The Government further submits that, with this finding by the Court, the Guidelines imprisonment range in this case is 8-14 months imprisonment, and the Government requests that the Court sentence Shearer within this guidelines imprisonment range.

4

Respectfully submitted

THOMAS A. MARINO
UNITED STATES ATTORNEY

BY: *Martin C. Carlson*
MARTIN C. CARLSON
Assistant U.S. Attorney
228 Walnut Street, Suite 220
Harrisburg, Pa. 17108
Phone: 717-221-4482
Fax: 717-221-2582
Martin.Carlson@USDOJ.gov
PA Bar #33396

UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA | ) CR. NO. 1:CR-01-237 |
| | ) |
| vs. | ) |
| | ) |
| KEITH SHEARER | ) |

CERTIFICATE OF SERVICE

The undersigned hereby certifies that, this 18TH day of April, 2005, he served a copy of the foregoing on the following by transmitting a copy of the same to

Thomas Thornton, Esq.
100 Chestnut Street
Harrisburg, Pa. 17101

_____
MARTIN C. CARLSON
Assistant U.S. Attorney
228 Walnut Street, Suite 220
Harrisburg, Pa. 17108
Phone: 717-221-4482
Fax: 717-221-4582
Martin.Carlson@USDOJ.gov
PA Bar #33396